08 CIV 7040

D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the FLSA Collective Plaintiffs*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JESSICA (JESSIE) LLONCH on behalf of
herself and others similarly situated,

    Plaintiff,

v.

230FA LLC, d/b/a 230 FIFTH AVENUE and
STEVEN GREENBERG

    Defendant.
-----------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1. Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant 230FA LLC is a New York limited liability company that operates 230 Fifth Avenue Lounge located in Manhattan.

6. Defendant Steven Greenberg is the Chief Executive Officer of the Defendant 230FA LLC and exercises sufficient control of their day to day operations to be considered Plaintiff' employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendant Greenberg is liable for the wages of Plaintiff and those similarly situated under New York Business Corporation Law § 630.

7. Plaintiff Jessie Llonch was employed by Defendants as a cocktail waitress within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

8. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

9. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffss.

10. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

11. Plaintiff brings the Third, Fourth, and Fifth, Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

12. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class

members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

13. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

14. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants' orporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

15. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

16. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

17. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert

their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

18.  There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law.

   b)  Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

   c)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

   d)  At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

   e)  Whether Defendants illegally retained portions of Plaintiff' tips and the Class members' tips.

   f)  Whether Defendants properly compensated Plaintiff' and Class members for overtime.

## FACTS

19.  Plaintiff's consent to sue form is attached hereto as Exhibit A.

20. Defendants committed the following alleged acts knowingly, intentionally and willfully.

21. Plaintiff was not compensated the minimum wage for all hours worked.

22. Plaintiff often worked in excess of forty hours per workweek.

23. Plaintiff was not compensated one and one half times her regular rate for all hours worked in excess of forty per week.

24. Specifically, Plaintiff was required to arrive at work and perform significant amounts of work before she was allowed to clock in. Similarly, plaintiff was required to remain after clocking out to perform work.

25. Defendants illegally retained Plaintiff's tips.

26. Defendants frequently held parties for which the host was required to pay gratuities. Defendants retained these gratuities, without distributing them among the tipped employees.

27. Defendants failed to compensate Plaintiff New York's spread of hours premium on days that plaintiff worked in excess of 10 hours.

28. Defendants willfully committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiff on Behalf of
Herself and the FLSA Collective Plaintiffs)

29. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

30. At all relevant times, Defendants have been, and continue to be, a "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

31. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

32. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiff on Behalf of Herself
### and the FLSA Collective Plaintiffs)

33. Plaintiff, on behalf of herself and other FLSA Collective Plaintiffs, realleges and incorporate by reference all previous paragraphs.

34. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

35. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and

one half times the minimum wage for work in excess of forty (40) hours per workweek,

and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

36. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

37. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 et seq.
Brought by Plaintiff on Behalf of Herself and the Class)**

38. Plaintiff, on behalf of herself and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

39. Defendants knowingly paid the Plaintiff and members of the Class less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

40. Defendants did not pay Plaintiff minimum wage for all hours worked.

41. Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

42. As a result of Defendants' willful and unlawful conduct, Plaintiff and members the Class are entitled to an award of damages in amount to be determined at trial and attorneys' fees, as provided by N.Y. Lab. Law § 663.

43. Plaintiff does not seek liquidated damages for this claim.

### FOURTH CLAIM FOR RELIEF
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiff on Behalf of
Herself and the Class)

44. Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

45. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

47. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

48. Plaintiff does not seek liquidated damages for this claim.

### FIFTH CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. §§ 196-d and 198-b
Brought by Plaintiff on Behalf of
Herself and the Class)

49. Plaintiff, on behalf of herself and the Class members, realleges and incorporates by reference all previous paragraphs.

50. Defendants retained portions of Plaintiff's tips and Class members' tips and distributed them to non-tipped and/or managerial employees.

51. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

52. Plaintiff does not seek liquidated damages for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August 7, 2008

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorney for Plaintiff, proposed collective action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by 230 FIFTH AVENUE and STEVEN GREENBERG. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

JESSICA LLONCH
Full Legal Name (Print)

_____
Signature

8/6/08
Date